# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>APPROXIMATELY $25,390.00 in U.S. Currency; APPROXIMATELY $8,000.00 in U.S. Currency,<br><br>Defendants. | **1:15-cv-1536 LJO EPG**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S EX PARTE MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. 10)** |

## INTRODUCTION

In this *in rem* forfeiture action, Plaintiff United States of America (the "government" or "Plaintiff") filed an Ex Parte Motion for Default Judgment and for Final Judgment of Forfeiture. (Doc. 10). No opposition to the government's motion was filed. The matter was taken under submission without oral argument pursuant to Local Rule 230(g) and the hearing set for this matter was VACATED. (Doc. 11). For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion be GRANTED.

1

**FACTUAL BACKGROUND**

A verified complaint for Forfeiture *In Rem* (hereafter "complaint") was filed on October 9, 2015. The complaint alleges that the defendant currency constitutes moneys furnished, or intended to be furnished, in exchange for a controlled substance, or was used or intended to be used in any manner or part to commit or facilitate the commission of a violation of 21 U.S.C. § 841 *et seq*., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1, at ¶ 1).

More specifically, on December 19, 2014, at 10:52 a.m., a California Highway Patrol Canine Unit Officer (hereinafter, "CHP officer," or "officer") made a traffic enforcement stop of a green Buick Lacrosse at Highway 33 and Interstate 5 in Merced, California. (Doc. 1, at ¶ 5). Alec Barbour (hereinafter, "Barbour") was the driver of the vehicle and Gabriel Atler (hereinafter, "Atler") was the passenger. *Id*.

During the initial contact, the officer observed Barbour exhibiting signs of extreme nervousness, which included shaking hands, trembling voice, an inability to focus and maintain a conversation with the officer, and continually looking around. (Doc. 1, at ¶ 6). The officer further observed several indicators of criminal activity including the odor of marijuana coming from within the vehicle. *Id*. The officer asked Barbour if there was any marijuana, cocaine, methamphetamine, heroin, or large amounts of currency in the vehicle. Barbour stated there was not. *Id*.

The officer then interviewed Barbour and Atler separately about their travel plans and each gave a different story. Barbour stated he was traveling from New Mexico to Humboldt, California, to visit the University because he was planning to transfer there. (Doc. 1, at ¶ 7). Atler, in contrast, told the officer that they were traveling from New Mexico and going to stay in San Francisco for a four day vacation. (Doc. 1, at ¶ 8).

Based on all of the above indicators of criminal activity, the officer, accompanied by a second assisting CHP officer, initiated a probable cause search of the vehicle. (Doc. 1, at ¶ 9). During the initial search, the initiating officer utilized his sophisticated drug detecting canine named "Laika" to conduct a sniff search of the vehicle. (Doc. 1, at ¶10). Laika showed a distinct change in behavior indicating an alert to the odor of narcotics as she sniffed the area at the seam of the driver's side door where it meets the leading edge of the right rear door. *Id*. Inside of the car, the officer observed marijuana debris scattered throughout the vehicle including, one large marijuana bud on the floor next to the right side of the right front passenger seat. *Id*.

On the right side of the rear passenger seat, the officer located a black backpack which was found to contain the defendant currency (later determined to be a total of $33,390.00 in U.S. currency) along with a quarter of an ounce of marijuana. (Doc. 1, at ¶ 11). The defendant currency was in four bundles held together by rubber bands in denominations of $5's, 10's, 20's, 50's and 100's. *Id*.

In the trunk, the officer located a suitcase that contained an electric heat sealer, four rolls of aluminum foil, a box of plastic gloves, Febreze air freshner, dryer sheets, two rolls of plastic heat seal bags, and two hair pressing irons. (Doc.1, at ¶ 12). The officer immediately recognized these items as common tools used to package narcotics for distribution. *Id*. The officer also located a note pad that contained detailed records of narcotics transactions including names, prices, and weights. *Id*.

In addition, both Barbour and Atler have criminal histories. (Doc. 1, at ¶ 13). In March 2015, Barbour was arrested for the sale of distribution of marijuana in Humboldt County, California; and again in May 2015 for possession of concentrated cannabis in Humboldt County, California. *Id*. Atler was arrested in April 2008 in Albuquerque, New Mexico, for shooting at or from a motor vehicle and was charged in December 2012 for drug distribution. *Id*.

**PROCEDURAL BACKGROUND**

Based the allegations in complaint, the Court issued a Warrant of Arrest of Articles *In Rem* for the defendant currency.  (Doc. 4). The Warrant for the Arrest was executed on the defendant currency on October 23, 2015.  (Doc. 5).  Public notice of the action and the arrest of the defendant currency was published via the official internet government forfeiture site, www.forfeiture.gov, on October 24, 2015, for 30 consecutive days.  This publication is consistent with Local Rule 500(d) via Supplemental Rule G(4)(a), and proof of such publication was filed with the Court on December 30, 2015. (Doc. 6).

In addition to providing notice by publication, on or about October 21, 2015, copies of the Complaint, Warrant for Arrest of Articles In Rem, Order Setting Mandatory Scheduling Conference, Standing Order in All Civil Cases Assigned to District Court Judge O'Neill, Notice of Availability Magistrate Judge, Notice of Availability Voluntary Dispute Resolution, Order of Reassignment of Magistrate Judge and notice of forfeiture letter dated October 21, 2015, were sent by first class mail and certified mail receipt number 7012 3460 0001 6702 2023 to Alec Barbour at his last known address of 119 Arizona Sunset Road in Rio Rancho, New Mexico 87124-2546. On or about November 18, 2015, the United States received the unsigned and undated return receipt for this mailing. (Docs. 7-1, at pg. 2).

On or about October 21, 2015, copies of the above-listed documents were sent by first class mail and certified mail receipt number 7012 3460 0001 6702 0623 to Gabriel Atler at his last known address of 8401 Pan American Freeway NE, Unit 125 in Alburquerque, New Mexico 87113-1893. To date, the government has not received any returned mail. *Id*.  On or about October 21, 2015, copies of the above-listed documents were sent to David Celli, the attorney of record, who filed a claim on behalf of Alec Barbour in the administrative forfeiture action. *Id*. On or about November 5, 2015, the government received correspondence from David Celli advising

that, "Mr. Barbour is abandoning his claim to the contested funds." (Doc. 7-1, pg. 3).

There have been no additional claims filed by or on behalf of Alex Barbour and Gabriel Atler to the defendant currency.  Moreover, time for any other claimant or entity to file a claim and answer has expired.  Accordingly, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on January 6, 2016, a default was entered against Alex Barbour and Gabriel Atler. (Doc. 8).

**DISCUSSION**

**A.     Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) provides that a court has discretion to enter default judgment against a party and provides as follows:

> (2)     By the Court.  In all other cases, the party must apply to the court for default judgment.  A default judgment may be entered against an infant or incompetent person only if represented by a general guardian, committee, conservator, or other like fiduciary who has appeared. If the party against whom default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to : (A) conduct an account; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true.  *Dundee Cement Co. v. Highway Pipe & Concrete Products, Inc*. 722 F.2d 1319, 1323 (7th Cir.  1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

In the context of an *in rem* forfeiture action, a court considering default judgment should also consider the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983; the Supplemental Rules of Certain Admiralty and Maritime Claims

5

("Supplemental Rules"); and the court's Local Rules for Admiralty and *in rem* actions. *See, United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir.1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules), *superseded by statute on other grounds*.

**B.      Procedural Requirements**

    **1.      *Sufficiency of the Complaint***

Pursuant to the Supplemental Rules, the government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the government will be able to meet its burden of proof at trial. Fed.R.Civ.P. Supp. R. G(2). With regard to the sufficiency of the factual detail of the verified complaint, the government is not required to show a relationship between the proceeds of a drug crime and a specific drug transaction. Rather, circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $11,500.00 in United States Currency, in rem, et al.*, 710 F. 3d 1006, 1013 (9th Cir. 2013) (The government may meet its burden that property is subject to forfeiture with sufficiently strong circumstantial evidence linking the currency to drug trafficking generally); *United States v. Currency, U.S. $42,500.00*, 283 F. 3d 977, 984 (9th Cir. 2002) (affirming government's motion for summary judgment in light of substantial circumstantial evidence that currency was connected to drug trafficking, and where claimant refused to disclose the source of the currency or provide any other evidence that the source was legitimate); *see also*, *United States v. $30,670.00*, 403 F.3d 448, 467–70 (7th Cir. 2005) (concluding that the totality of the circumstances demonstrated that an airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v.*

6

*$242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of the circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

The verified complaint states the grounds for *in rem* subject matter jurisdiction and venue, describes the currency seized and the circumstances surrounding the seizure, and identifies the relevant statutes. (Doc. 1). The government contends that the verified complaint establishes circumstantial evidence that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (Doc. 10, pgs. 5-6).

In the absence of assertion of interests in the defendant currency, the Court will not question the facts supporting its forfeiture. As alleged, the facts provide a sufficient connection between the defendant property and illegal drug activity to support a forfeiture. Additionally, the Court notes that Mr. Barbour has abandoned his claim to the contested funds. (Doc. 7-1, pgs. 2-3).

### 2.   *Notice by Publication*

Subject to certain exceptions not present here, the Supplemental Rules also require that the government publish notice of the forfeiture in a manner that is reasonably calculated to notify potential claimants of the action. Fed. R. Civ. P. Supp. R. G(4)(a)(iv). The content of the notice must describe the property with reasonable particularity, state the times to file a claim and to answer the complaint, and identify the name of the government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. R. G(4)(a)(ii)(A)-(C). If the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property is seized, or where property that was not seized is located. Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(A). In lieu of newspaper publication, the government may publish notice by

posting on an official internet government forfeiture site for at least thirty consecutive days. Fed. R. Civ. P. Supp. R.G(4)(a)(iv)(C). Claims must be made within 30 days after the completion of the publication.  Fed. R. Civ. P. Supp. R.G(5).

    Here, publication occurred on the official internet government forfeiture site www.forfeiture.gov on October 24, 2015, for 30 consecutive days. (Doc. 6).  A Declaration of Publication was filed on December 30, 2015. *Id*. Accordingly, the requirements for notice by publication pursuant to Local Rule 500(d) and Supplemental Rule G have been satisfied. Further, the notice provided the name of the attorney to be served with any claim and answer. *Id*. Thus, the Supplemental Rule's notice by publication requirements have been satisfied.

    **3.**    *Personal Notice*

    When the government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." *United States v. Real Property,* 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States,* 534 U.S. 161, 168 (2002); *see also* Fed.R.Civ.P. Supp. R. G(4)(b). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States* 417 F.3d 1189, 1197 (11th Cir. 2005); *Real Property,* 135 F.3d at 1316.

    Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must contain the following information: the date when the notice is sent; a deadline for filing a claim that is at least 35 days after the notice is sent; that an answer or a motion under Rule

12 must be filed no later than 21 days after the filing of the claim; and the name of the government attorney to be served with the claim and the answer. *Id*. Here, the government provided notice of the forfeiture action by mailing copies of the required documentation to Alex Barbour and Gabriel Atler at their last known addresses.

### 4.    *The Time to File a Claim or an Answer*

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a forfeiture action must file a claim with the Court within the time specified by the direct notice. Fed.R.Civ.P. Supp. G(4)(b)(ii)(B), (5)(a)(ii)(A). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing in the forfeiture proceeding. *Real Property,* 135 F.3d at 1317.  Here, more than 30 days have passed since the completion of publication, and more than 35 days have passed since the date that the known potential claimants were provided direct notice of the United States' complaint in this action. Accordingly, the time to file a claim has expired, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court properly entered defaults against Alec Barbour and Gabriel Atler.

### 5.    *Conclusion*

The government has met the procedural requirements applicable to civil *in rem* forfeiture actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the U.S. District Court for the Eastern District of California. This favors the entry of default judgment and the issuance of a final judgment in forfeiture to vest in the United States all right, title, and interest in the defendant currency.

### C.    *The Eitel Factors Weigh in Favor of Granting Default Judgment*

The government seeks judgment against the interests of Alex Barbour and Gabriel Atler and also requests that the Court enter a Final Judgment of Forfeiture pursuant to 21 U.S.C. §

9

881(a)(6), forfeiting all right, title, and interest in the defendant currency to the United States, to be disposed of according to law. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem.* Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

When considering whether to enter default judgment under Fed. R. Civ. P. 55, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986).

The discretionary *Eitel* factors outlined above favor granting the government's motion for default judgment. First, the government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimants have withdrawn their claims. Second, the government's claims appear to have merit. Third, as set forth above, the government has adhered to the procedural requirements of a forfeiture action *in rem.* Fourth, the currency that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the government's motion. Fifth, there are no genuine disputed issues of material fact. Sixth, there is no evidence that the failure of any other claimants to answer is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, where, as here, claimants have withdrawn their claims. Accordingly, there is no impediment to default judgment sought by the government and the Court will recommend that the motion be granted.

**RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS that:

1. The government's Motion for Default Judgment against the interests of Alex Barbour and Gabriel Atler be granted;

2. The Clerk of the Court enter a final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the defendant currency to the United States to be disposed of according to law; and

3. Within ten (10) days of service of an order adopting these findings and recommendations, the United States shall submit a proposed final judgment of forfeiture consistent with the findings and recommendations and order adopting them.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code § 636(b)(1)(B). Within **fifteen (15)** days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 14, 2016**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

11